**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JEROME NEQUAN HAYNES,**

    **Petitioner,**

**v.**                                           **CIVIL ACTION NO. 1:16CV162
CRIMINAL ACTION NO. 1:14CR32**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 495]
AND DENYING AND DISMISSING PETITION [DKT. NO. 1]**

On July 26, 2016, the pro se petitioner, Jerome Nequan Haynes ("Haynes") filed a petition pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel (Dkt. No. 1).[1] The Court referred the petition to United States Magistrate Judge Robert W. Trumble for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

Magistrate Judge Trumble's R&R recommended that the petition be denied and dismissed because, pursuant to the plea agreement, Haynes had waived the right to collaterally attack his sentence (Dkt. No. 495 at 17-18). The R&R further concluded that, even had Haynes not waived his right of collateral attack, he had failed to demonstrate that his trial counsel was ineffective. Id. at 20-22.

The R&R also warned Haynes that his failure to object to the recommendation within fourteen (14) days would result in the waiver of any appellate rights he might otherwise have on these issues.

---

[1] On January 6, 2017, Haynes filed his petition on the court-approved form. (Dkt. No. 19).

Id. at 24. The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997). To date, Haynes has not filed any objections to the R&R.

Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 495), **DENIES** and **DISMISSES** Haynes' petition (Dkt. No. 1), and **ORDERS** that this case be stricken from the Court's active docket.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a). The Court finds it inappropriate to issue a certificate of appealability in this matter because Haynes has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable

jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Haynes has failed to make the requisite showing, and **DENIES** a certificate of appealability.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: May 25, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE